**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

SHANNON REEVES                                                    PLAINTIFF

VS.                                                    CAUSE NO. 1:04CV340-D-D

LEE COUNTY SHERIFF'S DEPARTMENT; LEE COUNTY
SHERIFF JIM H. JOHNSON INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS SHERIFF OF LEE COUNTY,
MISSISSIPPI; SCOTT SPEAKES; ROBBY GWIN, JASON
STANFORD; GARY DODDS; DANNY DILLARD; AND JOHN
DOES ONE, TWO, THREE, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY AS DEPUTIES OF LEE COUNTY,
MISSISSIPPI                                                    DEFENDANTS

**SECOND AMENDED COMPLAINT**
(JURY TRIAL REQUESTED)

COMES NOW the Plaintiff, Shannon Reeves, by and through his attorneys, and for cause

of action against the above named Defendants states as follows:

1.      Shannon Reeves is an adult resident citizen of Gautier, Mississippi.

2.      Defendant Lee County, Mississippi, (hereinafter "Defendant Lee") is a

political subdivision of the State of Mississippi which may be served with process through its

President of the Board of Supervisors, Bobby Smith.  Defendant Lee operates and maintains a law

enforcement agency known as the Lee County Sheriff's Department.  At all times pertinent to this

cause of action, said Defendant acted under color of law.

3.      Defendant Jim H. Johnson (hereinafter "Defendant Johnson") is an adult resident

citizen of Lee County, Mississippi.  At all times material hereto, Defendant Johnson was the Sheriff

of Lee County.  As the Sheriff of Lee County, Defendant Johnson was at all times material hereto

under a duty to run its policing activities in a lawful manner so as to preserve the peace of the County

-1-

of Lee and to preserve to all citizens the rights, privileges and immunities guaranteed and secured to them by the Constitution of the United States and its laws. At all pertinent times, Defendant Johnson was acting by virtue of his position as the Sheriff of Lee County, and acting under the color of law. Defendant Johnson is sued individually and in his official capacity as the Sheriff of Lee County, Mississippi.

4.      Defendant Scott Speakes is an adult resident citizen of Lee County, Mississippi, and may be served with process at 510 N. Commerce Street, Tupelo, MS 38804. At all pertinent times, Defendant Speakes was a duly appointed sheriff's deputy of Defendant Lee County and as such was employed, supervised, and controlled by Defendant Lee.

5.      Defendant Robby Gwin is an adult resident citizen of Lee County, Mississippi, and may be served with process at 510 N. Commerce Street, Tupelo, MS 38804. At all pertinent times, Defendant Gwin was a duly appointed sheriff's deputy of Defendant Lee County and as such was employed, supervised, and controlled by Defendant Lee.

6.      Defendant Jason Stanford is an adult resident citizen of Lee County, Mississippi, and may be served with process at 510 N. Commerce Street, Tupelo, MS 38804. At all pertinent times, Defendant Stanford was a duly appointed sheriff's deputy of Defendant Lee County and as such was employed, supervised, and controlled by Defendant Lee County.

7.      Defendant Gary Dodds is an adult resident citizen of Lee County, Mississippi, and may be served with process at 510 N. Commerce Street, Tupelo, MS 38804. At all pertinent times, Defendant Dobbs was a duly appointed sheriff's deputy of Defendant Lee and as such was employed, supervised, and controlled by Defendant Lee County.

8.      Defendant Danny Dillard is an adult resident citizen of Lee County, Mississippi, and

may be served with process at 510 N. Commerce Street, Tupelo, MS 38804.  At all pertinent times,

Defendant Dillard was a duly appointed sheriff's deputy of Defendant Lee and as such was

employed, supervised, and controlled by Defendant Lee County.

9.      Defendant John Does One, Two, and Three, were at all times material

hereto duly employed and appointed deputies of Defendant Lee and as such were employed,

supervised, and controlled by Defendant Lee.

10.      Venue lies with this Court pursuant to 28 U.S.C. §1391 as all the Defendants are

residents of this district and all the acts or omissions which give rise to this cause of action occurred

within this district.  Jurisdiction lies with this Court pursuant to federal question jurisdiction, 28

U.S.C. §1331, 28 U.S.C. §1343 (1) (2) (3) (4), 42 U.S.C. §1983, §1988, the Fourth and Fourteenth

Amendments of the Constitution of the United States of America and under federal law, particularly

the Civil Rights Act stated above at 42 U.S.C.§ 1983.  The Defendants at all times pertinent to this

action were duly employed, duly appointed and/or duly elected officials empowered to police Lee

County, Mississippi.

<u>**Count I**</u>

11.      This cause of action arose out of an incident which occurred on or about July 1, 2003,

when the Defendant Deputies wrongfully arrested the Plaintiff for disorderly conduct, resisting

arrest, and possession of paraphernalia. Specifically, the Plaintiff was sleeping with his girlfriend,

Stacy Ryan, at the residence of Brent Cantrell when he was awakened with guns and handcuffed by

the Defendant Deputies.  The Defendant Deputies entered the premises without permission, without

identifying themselves and without giving the occupants an opportunity to voluntarily give them

access to the premises.  The Defendant Deputies stormed the apartment with guns drawn and

screaming orders to the occupants. The Plaintiff, although no warrant was issued for his arrest and he had committed no crime, was falsely arrested and required to spend hours in Defendant Tupelo's police department. Later, all charges were dropped.

## Count II

12.     During the arrest, the Plaintiff was taken outside where the Defendant Deputies allowed a vicious attack dog to attack the Plaintiff on three different occasions while he was handcuffed with little clothes on. As a result, the Plaintiff suffered injuries.

13.     All of the above are in violation of the Plaintiff's Constitutional Rights and are the sole proximate cause of his damages.

14.     Defendant Johnson was aware or had actual knowledge that such misconduct on the part of the remaining Defendants was occurring, and had occurred, or he should have known of such wrongful conduct. Defendant Johnson's failure to act to prevent such misconduct permitted the same to become the policy and/or custom the Lee County Sheriff's Department.

15.     The Defendants committed the aforementioned actions and/or omissions under the color of law; and by virtue of their authority as law enforcement officials of the Lee County Sheriff's Department, they substantially deprived the Plaintiff of the clearly established rights, privileges and immunities guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution. The Defendants' actions were all in violation of 42 U.S.C. §1983 and §1988.

16.     The Defendants' actions are the sole direct and proximate cause of the injuries and damages the Plaintiff suffered, which include the following:

> (A) past, present, and future pain and suffering;

> (B) past, present and future emotional trauma;

(C) past, present and future mental shock and anxiety;

(D) extreme fear that the Defendants, or their attack dog, would seriously injure him further;

(E) humiliation;

(F) past, present and future fear;

(G) past, present and future physical injury; and

(H) all other matters to be shown at the trial of this matter.

17.     The failure of Defendants Johnson and/or Defendant Lee to adequately train and/or supervise the Lee County Sheriff's Department personnel derived from inadequate and constitutionally deficient hiring procedures.  The misconduct of  Lee County Sheriff's Department personnel as set forth above was reasonably foreseeable by Defendant Johnson and/or Defendant Lee inasmuch as Defendant Lee's employment policies were inadequate and constitutionally deficient.

18.     The Defendants' conduct toward the Plaintiff was arbitrary and shocking to the conscience.  Further, the Defendants' conduct was deliberately indifferent and displayed reckless disregard to the substantive due process liberty interests of the Plaintiff in violation of the rights secured to the Plaintiff under the United States Constitution and in violation of 42 U.S.C. §1983.

19.     The conduct of the Defendants was intentional, willful, wanton, reckless and so egregious and outrageous as to entitle the Plaintiff to an award of punitive damages.

20.     The acts itemized and described herein above committed by Defendants upon Plaintiff constituted an unconstitutional policy and/or custom of Defendant Lee and the Lee County Sheriff's Department.

21.     The Plaintiff is entitled to all relief granted by statute pursuant to 42 U.S.C. § 1983

*et seq.*, including monetary damages, punitive damages, attorneys' fees and all costs of bringing this action.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays for a judgment of, from, and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury, plus reasonable attorneys' fees, expenses and court costs, and for all such other relief, both general and specific, to which he may be entitled under the premises.

The Plaintiff respectfully demands a trial by jury on all issues so triable.

THIS, the _____ day of May, 2005.

>Respectfully submitted,
>
>MERKEL & COCKE
>A Professional Association
>Post Office Box 1388
>Clarksdale, Mississippi 38614
>(662) 627-9641
>Attorneys for Plaintiff
>
>By: s/Edward P. Connell, Jr.
>    EDWARD P. CONNELL, JR. (MSB #16047)